United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DASAN WARSAIALEM BROWN,
Plaintiff,

v.

GABRIELA HERRERA, et al.,
Defendants.

Case No. 26-cv-06185-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTIONS; INSTRUCTIONS TO CLERK**

Re: Dkt. No. 14, 16, 17, 19, 20.

## INTRODUCTION

Plaintiff, an inmate in the San Francisco County Jail who is proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint does not state a claim capable of judicial determination and review. Accordingly, the complaint is dismissed with leave to amend. Plaintiff has filed several motions, which are denied for the reasons explained below.

## BACKGROUND

Plaintiff lists six Defendants in his complaint: (1) Dr. Jason Peter Walsh; (2) Dr. Gabriela Herrera; (3) the San Francisco County Sherriff's Department; (4) the City and County of San Francisco; (5) the Department of Public Health; and (6) "Jail Health Services." (ECF No. 1 at 2.) He claims Defendants Dr. Walsh and Dr. Herrera, and jail "medical staff" have provided him inadequate medical care in a variety of ways. His allegations and claims are discussed in detail below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### I. Legal Claims

Plaintiff's allegations regarding his medical care at the jail are not sufficient, even when liberally construed, to state a plausible claim for the violation of his constitutional rights. Deliberate indifference to a pretrial detainee's serious medical needs[1] violates the Fourteenth

[1] The Court assumes Plaintiff was at relevant times a pretrial detainee because he is in county jail and does not allege he had already been convicted. In any event, if he was already convicted when

Amendment's Due Process Clause. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60. The deliberate indifference test is objective. *Gordon*, 888 F.3d at 1125.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id.* (citations and internal quotation marks omitted). The mere lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78 F.4th 1140, 1144-46 (9th Cir. 2023). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent –something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

1. <u>Blood Pressure and Blood Tests</u>

---

he received the alleged inadequate medical care, his Eighth Amendment rights would be implicated instead of his Fourteenth Amendment rights. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). The Eighth Amendment requires a showing of subjective deliberate indifference, whereas the Fourteenth Amendment requires a less exacting showing of objective indifference. *Gordon*, 888 F.3d at 1122 & n.4. For the reasons discussed below, Plaintiff's allegations do not reasonably support an inference of objective deliberate indifference under the Fourteenth Amendment, so they also do not reasonably support an inference of subjective deliberate indifference under the Eighth Amendment.



United States District Court
Northern District of California

Plaintiff alleges he is at "risk" of having high blood pressure. (ECF No. 1 at 5.) He further alleges jail "medical staff" have never "called me for annual blood and health test[s]." (*Id.* at 4.) He alleges Dr. Walsh told him "of risk for high blood pressure very quick and months after blood withdrawal test." (*Id.* at 5.) They "spoke about" Plaintiff's request for a vegetarian diet, but Plaintiff never received one. (*Id.*) He alleges he went to a "blood test for Dr. Herrera but never receive any note or follow up from her," though he also alleges she sent him a "note" that is "vague, inconsistent." (*Id.* at 5.)

These allegations adequately plead a "serious" medical need because a reasonable inference can be drawn that being at risk of high blood pressure could result in further significant injury if not treated. *See McGuckin*, 974 F.2d at 1059. However, these allegations, even when liberally construed, do not support a reasonable inference Defendants acted with deliberate indifference under *Gordon*. Plaintiff does not allege basic facts about Defendants' actions, such as the dates of blood tests or examinations by Defendants Dr. Walsh and Dr. Herrera, the severity of his risk of high blood pressure, any injury he suffered as a consequence of Defendant's actions, or any opinion by a medical professional that additional tests or treatment were medically necessary. *Cf. Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (holding lay opinion of inmate that differs from treatment decisions by medical professionals does not give rise to a § 1983 claim). Defendants' alleged failure to provide more frequent blood tests, a faster or more coherent follow up about his blood test results, or a vegetarian diet, do not on their own support a reasonable inference that Defendants put him at "substantial risk of suffering serious harm," or that Defendants' actions caused him injury, which are both essential elements of a deliberate indifference claim under *Gordon*. *See* 888 F.3d at 1125. Plaintiff must allege additional facts to support a reasonable inference of deliberate indifference under the Fourteenth Amendment.

2. <u>Toenails</u>

Plaintiff alleges he has "thick, hard to cut, brown toenails. (ECF No. 1 at 5.) He further alleges a nurse "lied to me of Dr. Walsh being a pediatrist [sic], having him see me instead of pediatrist [sic] . . . to clip nails." (*Id.*) He alleges Dr. Walsh "impersonat[ed]" a podiatrist when he examined Plaintiff's toenails, clipped them, and prescribed foot fungus medication. (*Id.*) He



United States District Court
Northern District of California

further alleges "medical staff" never delivered him the medication; Dr. Walsh told Plaintiff he would investigate, but Plaintiff did not "see him again." (*Id.*)

The allegations do not support a reasonable inference that his toenail condition constitutes a serious medical need because Plaintiff does not allege a "significant" injury he risks, a daily activity he cannot do, or "chronic and substantial" pain he will suffer without further medical treatment. *See McGuckin*, at 859. The allegations also do not support a reasonable inference of deliberate indifference. Plaintiff does not allege any medical care a podiatrist would have provided that Dr. Walsh did not. In addition, the only alleged harm or injury from the toenail fungus is brown and thick toenails, which does not support a reasonable inference his not receiving medication for the condition presented a "substantial risk of serious harm" or caused an injury, as required to state a plausible claim for deliberate indifference under the Fourteenth Amendment. *See Gordon*, 888 F.2d at 1125.

3. <u>Medical Forms and Uniforms</u>

Plaintiff alleges jail staff provided "digital copies" of Medical Care Request ("MCR") forms instead of physical forms that have pink receipts, thereby leaving him "no opportunity for proof of encounter." (ECF No. 1 at 5.) He also alleges jail nurses fail to wear "appropriate state-issued uniforms." (*Id.* at 9.)

These allegations also do not state a plausible claim for deliberate indifference to serious medical needs because Plaintiff does not allege any form of medical care he did not receive because of the digital MCR forms or lack of uniforms, nor does he allege any medical risk or injury these conditions caused him.

Plaintiff also makes a general allegation that "multiple" MCR forms were not answered between 2025 and 2026. (*Id.* at 5.) Plaintiff does not identify the MCR forms that went unanswered, nor does he allege the medical conditions they concerned, the medical care requested, or the medical risk or injury caused by the lack of response. Absent such allegations, no reasonable inference can be drawn that not responding to MCR forms constituted deliberate indifference to his serious medical needs under the Fourteenth Amendment.

* * *

For the reasons described above, the complaint does not state a plausible claim that Defendants violated his Fourteenth Amendment rights. Plaintiff will be given leave to file an amended complaint to cure the deficiencies described above, if he can do so in good faith.

**II. Defendants**

The Court notes three of the Defendants --- the San Francisco County Sherriff's Department, the Department of Public Health, and "Jail Health Services" --- are simply departments within the Defendant City and County of San Francisco, not independent legal entities that may be sued. The same is true of the San Francisco County Jail, which Plaintiff has recently requested to add as a defendant. (ECF No. 14.) Any claims involving these departments may be brought against the Defendant City and County of San Francisco, which is a municipal entity that may be sued. Consequently, Defendants San Francisco County Sherriff's Department, the Department of Public Health, and "Jail Health Services" are dismissed without leave to amend, and the request to add the San Francisco County Jail as a defendant is denied. The amended complaint may name the City and County of San Francisco County, as well as any of its employees, as defendants.

Plaintiff is advised that if he files an amended complaint that names the City and County of San Francisco as a Defendant, as local municipal government entity, it is subject to liability under 42 U.S.C. § 1983 only if it has an official policy or custom that causes a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose liability under Section 1983 for a violation of constitutional rights against the City and County of San Francisco, Plaintiff will have to show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality [county] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force be the constitutional violation." *See Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)). Therefore, the amended complaint must allege facts that reasonably support an inference of each of these elements in order to state a plausible claim for relief against the City and County of San Francisco.

**III. Plaintiff's Motions and Requests**

Plaintiff moved for appointment of counsel. (ECF Nos. 16, 17, 18.) There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). At this stage, Plaintiff simply needs to allege facts within his knowledge in an amended complaint to attempt to cure the deficiencies in his claims. He has been instructed on what he needs to do. He does not face issues that are sufficiently complex such that the interests of justice necessitate referral for location of pro bono counsel to assist him. So, Plaintiff's motion for appointment of counsel is DENIED. Should referral for location of pro bono counsel become necessary at a later time, the Court will issue a referral order on its own; Plaintiff need and shall not request appointment of counsel in this Court again.

Plaintiff has filed a motion for an extension of time to complete discovery. (ECF No. 18.) There is currently no deadline to complete discovery. Consequently, this motion is DENIED as unnecessary.

Plaintiff has filed a motion "to submit evidence of claims." (ECF No. 20.) Plaintiff may submit evidence in clearly labeled exhibits to his amended complaint or in connection with a summary judgment motion. The Court will order a summary judgment schedule if necessary at a later date. This motion is DENIED as premature.

Plaintiff also requests copies of documents in this case. (ECF No. 17.) To obtain such copies he must complete and submit the court's photocopy request form, which will be sent to him with this order along with a copy of the docket sheet.

**CONCLUSION**

For the above reasons,

1. The claims against Defendants the San Francisco County Sherriff's Department, the Department of Public Health, and "Jail Health Services" are DISMISSED without leave to amend.

2. All other claims are DISMISSED with leave to amend. Plaintiff may file an amended



United States District Court
Northern District of California

United States District Court
Northern District of California

complaint on or before **November 21, 2026**. The amended complaint must include the caption and civil case number used in this order (No. C 26-6185 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, his case may be dismissed.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

4. Plaintiff's motions for appointment of counsel, to add a defendant, for photocopies, for an extension of time, and to submit evidence are DENIED.

The Clerk shall mail a copy of the docket sheet and a photocopy request form along with this order.

This order resolves docket numbers 14, 16, 17, 19, 20.

**IT IS SO ORDERED.**

Dated: October 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge